Josef Harovsky, Appellee, v. Chicago City Railway Company and United States Express Company, on appeal of Chicago City Railway Company, Appellant.

Gen. No. 22,850. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 28, 1917.

### Statement of the Case.

Action for personal injuries by Josef Harovsky, plaintiff, against Chicago City Railway Company and United States Express Company, defendants. From a verdict and judgment against both defendants for $2,000, defendants appeal separately. For appeal by other defendant, see *post*, p. 571.

WATSON J. FERRY, for appellant; W. W. GURLEY, J. R. GUILLIAMS and B. F. RICHOLSON, of counsel.

DAVID K. TONE and F. A. ROCKHOLD, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Harovsky v. Chicago City Ry. Co. et al., 205 Ill. App. 571.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence sufficient to show negligence in causing express wagon to strike pedestrian.* In an action against a street railway company and an express company to recover for injuries to plaintiff, received while walking on a sidewalk, through a collision between a street car and an express wagon which caused the wagon to strike plaintiff, evidence examined and *held* sufficient to support a finding that the street railway company was guilty of negligence.

2. STREET RAILROADS, § 149*—*when refusal of requested instruction in action for injuries to pedestrian is proper.* In an action against a street railway company and an express company to recover for injuries to plaintiff who, while walking on the sidewalk, was struck by an express wagon which had collided with a street car, it is not error to refuse an instruction which is predicated upon a situation in which a plaintiff finds himself suddenly placed in a position of danger and which undertakes to state a defendant's duty in such a situation.

3. APPEAL AND ERROR, § 1565*—*when modification of requested instruction not reversible error.* It is not reversible error for the court to make an addition to a requested instruction which renders it less apt to mislead the jury.